IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

June 6, 2008

Charles R. Fulbruge III
Clerk

No. 07-41034
Summary Calendar

BLAKE DRILLING & WORKOVER COMPANY INC

Plaintiff - Appellant

v.

SABINE VESSELS INC

Defendant - Appellee

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:06-CV-509

Before REAVLEY, BENAVIDES, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Blake Drilling & Workover Company, Inc. sued Sabine Vessels, Inc. after the BLAKE 101 (a liftboat) was struck by the M/V SABINE SERVICES (a tug boat). Sabine conceded that its ship was at fault for the accident; he argued, however, that the accident did not cause the extensive damage to the BLAKE 101 that Blake claimed. After a bench trial, the district court agreed with Sabine and granted a verdict in its favor. For the reasons that follow, we affirm.

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Blake's lone argument on appeal is that the district court should have applied the Pennsylvania presumption to the facts of this case. That presumption is from The Pennsylvania, 86 U.S. 125, 136 (1873), where the Supreme Court held that when "a ship at the time of a collision is in actual violation of a statutory rule intended to prevent collisions, it is no more than a reasonable presumption that the [violation of the statutory rule], if not the sole cause, was at least a contributory cause of the disaster. In such a case the burden rests upon the ship of showing not merely that her fault might not have been one of the causes, or that it probably was not, but that it could not have been." In other words, "when a ship involved in a collision is in violation of a statutory rule designed to prevent collisions, the burden shifts to that ship to disprove that the violation was a contributing cause of the collision." Self v. Great Lakes Dredge & Dock Co., 832 F.2d 1540, 1554 (11th Cir. 1987) (citing The Pennsylvania, 86 U.S. at 136).

As the district court correctly held, this presumption had no place in this litigation. First, to trigger the presumption, Blake had to establish that the M/V SABINE SERVICES was in violation of a statutory rule designed to prevent collisions. The district court found that no such evidence existed. That finding is not clearly erroneous. See In re Mid-South Towing Co., 418 F.3d 526, 531 (5th Cir. 2005) (stating that the district court's factual findings in a bench trial are reviewed for clear error). More importantly, Sabine has always conceded that it was at fault for the accident, negating the purpose for invoking the Pennsylvania presumption in the first place. The only question in this litigation was whether the accident resulted solely in a gash in the BLAKE 101's hull (as Sabine claims, which Sabine had already fixed) or whether the accident also resulted in a fracture to one of the ship's legs (as Blake claims). Thus, there was no need for the district court to rely on the Pennsylvania presumption to establish that the M/V SABINE SERVICES was at fault in this accident. Sabine

was at fault for the accident. There was only an issue of how much of the damage could be contributed to the accident, and the Pennsylvania presumption has nothing to do with that issue.

Accordingly, the district court did not err when it required Blake (as the plaintiff) to prove, by a preponderance of the evidence, that the accident caused by Sabine resulted in a fracture to its ship's leg.

AFFIRMED.